UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

LARRY B. WEINSTEIN                                    Case No: 19-23827-rdd
                                                                       Chapter 11

                        Debtor
----------------------------------------------------------x

**ORDER PERMITTING THE ASSUMPTION OF THE CONTRACT FOR THE SALE OF 120 LAKE STREET, SPRING VALLEY, THE CONSUMATION OF THE SALE, AND RELATED RELIEF**

      Upon the motion (the "Motion") of Larry B. Weinstein, the debtor herein (the "Debtor"), by his attorneys BARR LEGAL PLLC, seeking an order authorizing the Debtor to assume a prepetition Contract of Sale of a multi-family residence located at 120 Lake Street, Spring Valley, NY (the "Premises"), dated December 4, 2018, a copy of which is attached to the Motion (the "Sale Contract"), and to proceed with the sale pursuant to 11 U.S.C. §§ 363, 365, 327 and 330; and upon the supporting Affirmation of Harvey S. Barr, Esq., the Affidavit of Larry B. Weinstein, together with all of the exhibits attached thereto, and the Appraisal of Bruce J. Potash, dated April 15, 2019; and there being due and sufficient notice of the Motion, on all creditors and parties in interest; and upon the objections filed by the County of Rockland, New York, the Internal Revenue Service, and the New York State Department of Taxation and Finance to that portion of the Motion that sought to allow the Debtor to retain $50,000.00 from the net proceeds of the intended sale; and upon the record of the hearing held by the Court on the Motion on January 23, 2020; and, after due deliberation, the Court having determined that the

1

assumption of the Sale Contract and the closing of the sale of the Premises thereunder is a proper exercise of business judgment and is in the best interests of the Debtor's estate and creditors; and the Debtor having further satisfied, on the terms of this Order, one or more of the requirements under 11 U.S.C. § 363(f) for such sale to be free and clear of all liens, claims, judgments, interests and encumbrances of whatever kind or nature except as expressly assumed by the purchaser in the Sale Contract; and good and sufficient cause appearing, it is hereby

ORDERED, that the Motion is granted to the extent provided herein; and it is further

ORDERED, that pursuant to 11 U.S.C. §§ 363(b) and (f) and 365, the Debtor is authorized to assume the Sale Contract and to proceed to close the sale of the Premises thereunder, with a full credit to the purchaser for the moneys advanced for the benefit of the Debtor prepetition, including to execute a deed and/or any other documents necessary to effectuate a transfer of the Premises known and designated as 120 Lake Street, Spring Valley, New York 10977 (Tax ID: Block 1, Section 57:32, Lot 11) to Samuel Pollak, free and clear of all judgments, liens, claims, interests, and encumbrances therein or thereon of any kind or nature except as expressly assumed by the purchaser in the Sale Contract ("Liens and Claims"), with all such Liens and Claims to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the sale, with payment to be made as provided in this Order  application;

ORDERED, that the proceeds of the foregoing sale shall be used to satisfy the existing valid mortgages held by Wells Fargo on the Premises and to pay all applicable transfer tax, if any, recording fees, title pick-up fees, if any, title fees, if any, all open real estate taxes with respect to the Premises, and any other reasonable and/or necessary expenses of sale, and thereafter; and it is further

ORDERED, that pursuant to 11 U.S.C. §§ 327(e) and 330, the Debtor is authorized and directed to pay the attorneys retained prepetition with respect to the proposed sale, as disclosed in the Motion, from the sale proceeds the sum of One Thousand Five Hundred Dollars ($1,500) as per their retainer, without the need for further court order; and it is further

ORDERED, that, from the remaining sale proceeds, the sum of $50,000.00 (Fifty Thousand Dollars) shall be held in escrow by the attorney for the Debtor to be used by the Debtor only for the maintenance and protection of the remaining property of the Debtor's estate, including so that the Debtor may defend ownership of and sell other property of the estate, without further order of this Court, subject only to accounting for any disbursement from said funds in the Debtor's monthly operating reports; and it is further

ORDERED, that the remaining balance of the sale proceeds shall be delivered to BARR LEGAL PLLC, to be held in escrow pending further order of this Court; and it is further

ORDERED, that the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) and 6006(d) is waived, for cause, and this Order is effective immediately on its entry.

Dated:  White Plains, New York
       February 3, 2019                       /s/ Robert D. Drain_____
                                              Robert D. Drain
                                              United States Bankruptcy Judge